.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**SANDRA H. MILLER,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT**
*Respondent.*

---

2010-3170

---

Petition for review of the Merit Systems Protection Board in case No. CH0831090682-I-1.

---

Decided: January 18, 2011

---

SANDRA H. MILLER, of Blue Eye, Missouri, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director. Of counsel on the brief was PAUL N. ST. HILLAIRE, Office of General Counsel, Office of Personnel Management, of Washington, DC.

---

Before RADER, *Chief Judge*, and LINN and MOORE, *Circuit Judges*.

PER CURIAM.

Sandra H. Miller (Mrs. Miller) appeals the decision of the Merit Systems Protection Board (Board) affirming the Office of Personnel Management's (OPM) decision finding that she was not entitled to a survivor annuity based on the Federal service of her late spouse. *Sandra H. Miller v. Office of Pers. Mgmt.*, No. CH-0831-09-0682-I-1 (M.S.P.B. June 24, 2010). For the reasons discussed below, this court *affirms*.

## BACKGROUND

Frank Miller (Mr. Miller) retired from Federal service under the Civil Service Retirement System on March 3, 1984. Upon his retirement, Mr. Miller elected a survivor annuity benefit for his then spouse, Betty L. Miller. Betty Miller passed away on September 13, 2001, and Mr. Miller married Sandra Miller on August 17, 2002.

For two years following his remarriage, Mr. Miller was eligible to elect a survivor annuity for Mrs. Miller. 5 U.S.C. § 8339(j)(5)(C)(i). OPM, however, has no record of Mr. Miller requesting to elect a survivor annuity for Mrs. Miller. After remarrying, Mr. Miller did change some of his benefits. For example, on October 21, 2002, OPM received a Designation of Beneficiary SF-2808 form from Mr. Miller designating Mrs. Miller to receive 100% of any accrued annuity payable. The SF-2808 form does not relate to survivor annuity elections. Also, via a letter dated February 14, 2005, OPM informed Mr. Miller that based on his request it changed his health benefits from

"self" to "self and family," thus providing Mrs. Miller coverage.

Mr. Miller passed away in 2008 and Mrs. Miller applied for a survivor annuity as his widow. On November 20, 2008, OPM denied Mrs. Miller's request because it had no record of receiving any correspondence from Mr. Miller electing a survivor annuity for Mrs. Miller. After Mrs. Miller requested reconsideration, OPM affirmed its initial decision on May 7, 2009. Mrs. Miller appealed the decision to the Board. After reviewing Mrs. Miller's varying arguments regarding why she was entitled to a survivor annuity, the Board affirmed the OPM decision. The Board determined that Mrs. Miller failed to prove that Mr. Miller submitted an election of a survivor annuity for Mrs. Miller to the OPM or that OPM received such correspondence. The Board also noted that Mrs. Miller had advanced three different stories regarding Mr. Miller's alleged election of benefits and none of the stories proved by a preponderance of the evidence that Mr. Miller made such an election. Mrs. Miller appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a decision of the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005).

The election of a survivor annuity in cases where a retired employee remarries after retirement is governed by 5 U.S.C. § 8339(j)(5)(C)(i), which states, *inter alia*, that:

> Upon remarriage, a retired employee or Member who was married at the time of retirement . . . may irrevocably elect during such marriage, in a signed writing received by [OPM] within 2 years after such remarriage . . . a reduction in the employee or Member's annuity . . . for the purpose of providing an annuity for such employee or Member's spouse in the event such spouse survives the employee or Member.

Though the statute does not require annuitants to use any particular form to elect such benefits, the statute does require a "signed writing" manifesting the annuitant's election, which OPM must receive within 2 years of the retired employee's remarriage. *See Harris v. Office of Pers. Mgmt.*, 985 F.2d 549, 550 (Fed. Cir. 1993).

OPM states that it never received any correspondence from Mr. Miller electing a survivor annuity for Mrs. Miller, and Mrs. Miller failed to submit a copy of any request. Contrary to Mrs. Miller's claims, the Board considered Mrs. Miller's allegations including her claim that Mr. Miller timely filed appropriate paperwork to elect the survivor annuity and that OPM subsequently lost or misfiled it. In its opinion, the Board noted Mrs. Miller's allegation but found that she failed to prove either that Mr. Miller submitted an election as required by the statute or that OPM received such an election from Mr. Miller. The Board noted that Mrs. Miller did not state she read the correspondence Mr. Miller allegedly sent to OPM and the Board determined that it was more likely that the correspondence sent was related to Mr. Miller's request to change his health benefits to include Mrs. Miller.

The Board also noted that Mrs. Miller's story regarding her husband's election of survivor benefits has evolved

over time and that her two earlier stories contradict her new argument that she saw Mr. Miller timely submit a proper election. For example, Mrs. Miller claimed in response to OPM's initial denial that Mr. Miller contacted OPM by telephone in October 2004 to change his benefits and that, after receiving OPM's February 14, 2005 letter, Mr. Miller assumed that his survivor benefits had been changed. Later, in her appeal form to the Board, Mrs. Miller claimed that Mr. Miller believed his submission of his SF-2808 designating Mrs. Miller as the beneficiary of any accrued annuity payable constituted an election of a survivor annuity.[1] If Mrs. Miller actually believed, as she now asserts on appeal, that Mr. Miller submitted an election for a survivor annuity, which OPM subsequently lost or misplaced, we see no reason she would have earlier advanced contradictory arguments regarding Mr. Miller's intent to elect such a benefit. We find no reversible error in the Board's determination that Mrs. Miller failed to prove that Mr. Miller elected a survivor annuity for her. Substantial evidence supports the Board's factual findings and Mrs. Miller has failed to show that its decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. [2]

---

[1]    Mrs. Miller does not appeal the Board's rejection of these two arguments.

[2]    Mrs. Miller also submitted copies of "Explanation of Benefits" forms from Anthem Blue Cross and Blue Shield alleging that her health insurance continued beyond Mr. Miller's death in support of her allegation that OPM lost or misplaced Mr. Miller's election of a survivor annuity. This Court expresses no opinion on her continued entitlement to health insurance. Because substantial evidence supports that Mr. Miller did not elect a survivor annuity for Mrs. Miller as required by 5 U.S.C. § 8339(j)(5)(C)(i) we must affirm. The fact that she continues to receive health benefits does not establish

CONCLUSION

For the reasons discussed above, we *affirm* the Board's holding denying Mrs. Miller entitlement to a survivor annuity benefit.

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

that Mr. Miller made the proper annuity election in writing as required by the statute.